## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MEGAN MILLER,

                Plaintiff,

    v.

RESTORBIO, INC., JEFFREY A.
CHODAKEWITZ, PAUL FONTEYNE,
MICHAEL GRISSINGER, CHEN SCHOR,
JONATHAN SILVERSTEIN, DAVID
STEINBERG, and LYNNE SULLIVAN,

                Defendants.

Civil Action No.

**COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES
LAWS**

**JURY TRIAL DEMANDED**

Plaintiff Megan Miller ("Plaintiff") by and through her undersigned attorneys, brings this action on behalf of herself, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by resTORbio, Inc. ("resTORbio" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on the Company's website concerning the Company's public statements; and (d) review of other publicly available information concerning resTORbio and the Defendants.

## SUMMARY OF THE ACTION

1.     This is an action brought by Plaintiff against resTORbio and the Company's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9, in connection with the proposed merger of the Company Adicet Bio, Inc. ("Adicet") and Project Oasis Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").

2.     On April 28, 2020, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Adicet, pursuant to which: (i) Adicet will merge with and into Merger Sub, with Adicet surviving as a wholly-owned subsidiary of resTORbio; and (ii) the conversion of each share of Adicet capital stock into 0.8559 shares of resTORbio common stock. Following close of the Proposed Transaction, Adicet's shareholders are expected to own roughly 75% of the outstanding common shares of resTORbio.

3.     On June 23, 2020, in order to convince the Company's shareholders to vote in favor of the Proposed Transaction, the Board authorized the filing of a materially incomplete and misleading registration statement on Form S-4 with the SEC (the "Registration Statement"), in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     For these reasons, and as set forth in detail herein, Plaintiff asserts claims against resTORbio and the Board for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.  Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to resTORbio shareholders before the vote on the Proposed Transaction or, in the event the

Proposed Transaction is consummated, recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act, 15 U.S.C § 78aa, and 28 U.S.C. § 1331, as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

6.      This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.   In addition, the Company's stock trades on the NASDAQ Global Select Market ("NASDAQ"), which is headquartered in this District.

## THE PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a common shareholder of ResTORbio.

9.      Defendant resTORbio is incorporated under the laws of the Delaware, with its principle executive offices located at 500 Boylston Street, 13th Floor, Boston, Massachusetts 02116.  The Company's common stock trades on the NASDAQ under the symbol "TORC."

10.     Defendant Jeffrey A. Chodakewitz ("Chodakewitz") is and has been a director of resTORbio at all times during the relevant time period.

11.     Defendant Paul Fonteyne ("Fonteyne") is and has been a director of resTORbio at all times during the relevant time period.

12.     Defendant Michael Grissinger ("Grissinger") is and has been a director of resTORbio at all times during the relevant time period.

13.     Defendant Chen Schor ("Schor") is and has been the Company's Chief Executive Officer, Co-Founder, and a director at all times during the relevant time period.

14.     Defendant Jonathan Silverstein ("Silverstein") is and has been a director of resTORbio at all times during the relevant time period.

15.     Defendant David Steinberg ("Steinberg") is and has been a director of resTORbio at all times during the relevant time period.

16.     Defendant Lynne Sullivan ("Sullivan") is and has been a director of resTORbio at all times during the relevant time period.

17.     Defendants Chodakewitz, Fonteyne, Grissinger, Schor, Silverstein, Steinberg, and Sullivan are collectively referred to herein as the "Individual Defendants."

18.     The Individual Defendants, along with Defendant resTORbio, are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

19.     Defendant resTORbio is a clinical-stage biopharmaceutical company developing medicines that target the biology of aging to prevent or treat age-related diseases with the potential to extend healthy lifespan. resTORbio's lead program selectively inhibits the target of

rapamycin complex 1, or TORC1, an evolutionarily conserved pathway that contributes to the age-related decline in function of multiple organ systems. resTORbio's lead product candidate, RTB101, is an oral, selective, and potent inhibitor of TORC1. RTB101 inhibits the phosphorylation of multiple targets downstream of TORC1. Inhibition of TORC1 has been observed to extend lifespan and healthspan in aging preclinical species and to enhance immune, neurologic and cardiac functions, suggesting potential benefits in several aging-related diseases.

### The Company Announces the Proposed Transaction

20.     On April 29, 2020, the Company jointly issued a press release announcing the Proposed Transaction.  The press release stated in part:

> BOSTON and MENLO PARK, Calif., April 29, 2020 (GLOBE NEWSWIRE) -- resTORbio, Inc. (Nasdaq: TORC) and Adicet Bio, Inc., a privately-held biopharmaceutical company, today announced that they have entered into a definitive merger agreement to create a combined publicly-traded biotechnology company focused on the development of Adicet's off-the-shelf allogeneic gamma delta T cell therapies for oncology and other indications. Adicet's lead candidate, ADI-001, is a gamma delta CAR-T cell therapy targeting CD20 being developed for non-Hodgkin's lymphoma. Adicet has a pipeline of differentiated pre-clinical and discovery programs leveraging its universal, off-the-shelf gamma delta CAR-T cell platform.

> Under the terms of the agreement, Adicet would merge with a wholly-owned subsidiary of resTORbio in an all-stock transaction, and the equityholders of Adicet will become the majority owners (75%) of resTORbio's outstanding common stock upon the close of the merger.

> "After a thorough evaluation of strategic alternatives, the Board of Directors of resTORbio believes that this merger represents the highest-potential value creation opportunity for resTORbio stockholders," commented Chen Schor, Co-Founder, President and Chief Executive Officer of resTORbio, Inc. "The combined company will leverage Adicet's scientific and product development expertise and pipeline of engineered immune cell therapeutics for cancer based on its proprietary gamma delta T cell therapy platform. We believe this transformative transaction will provide the resources for the combined company to advance multiple programs into the clinic, including Adicet's lead candidate, ADI-001, a gamma delta CAR-T cell therapy targeting CD20, and expand the pipeline in oncology and other indications."

"Adicet believes that its novel and highly productive efforts to date have generated a compelling allogeneic cell therapy platform that overcomes key challenges faced by existing CAR-T therapy," said Anil Singhal, Ph.D. President and Chief Executive Officer of Adicet Bio, Inc. "The proposed merger with resTORbio is the right next step in our trajectory, and we expect that it will provide Adicet with the resources to rapidly accelerate the development of its unique product candidates based on this platform and leverage our cGMP manufacturing process to create best-in-class therapies for patients in need."

Adicet completed an $80 million Series B financing in October 2019 and was backed by OrbiMed Advisors, aMoon2 Fund, Novartis Venture Fund, Regeneron Pharmaceuticals, Inc., Johnson & Johnson Innovation – JJDC, Inc. (JJDC), OCI Enterprises, Inc, KB Investment Co., Ltd., Consensus Business Group, SBI JI Innovation Fund, Samsung Venture Investment Corporation, Handok, Inc., DSC Investment, Inc. and Pontifax.

In August 2016, Adicet entered into a strategic collaboration with Regeneron focused on developing next-generation engineered immune cell therapeutics using Adicet's gamma delta T cell allogeneic platform technology.

In addition to its gamma delta T cell therapy platform, Adicet also identifies and validates cancer specific targets derived from the intracellular proteome and then generates T cell receptor-like monoclonal antibodies (TCRLs) directed to these cancer-specific peptide targets presented by major histocompatibility complex (MHC) Class I complexes. These TCRLs are designed to arm CAR-modified T cells or as T cell engaging antibodies that target solid tumors.

**About the Proposed Merger**

Under the terms of the merger agreement, stockholders of Adicet will receive shares of newly issued resTORbio common stock. On a pro forma basis, Adicet equityholders are expected to own approximately 75% of the combined company and current resTORbio equityholders are expected to own approximately 25% of the combined company. The parties anticipate that the combined company's primary focus will be to advance Adicet's unique cell therapy platform. The parties anticipate that the combined company will continue the development of RTB101, resTORbio's small molecule product candidate that is a potent inhibitor of target of rapamycin complex 1 (TORC1), for a COVID-19 related indication, with clinical data expected by Q1 2021. The terms of the merger agreement contemplate that a contingent value right (a "CVR") will be distributed to resTORbio stockholders as of immediately prior to the effective time of the merger, entitling CVR holders to receive net proceeds from the commercialization, if any, received from a third party commercial partner of the product candidate RTB101. The terms and conditions of the CVRs will be pursuant to a CVR Agreement resTORbio will enter into prior to the closing of the merger (the "CVR Agreement").

Following the merger, the combined company will leverage expertise from both companies with Chen Schor to serve as President and Chief Executive Officer, Stewart Abbot, Ph.D., as Senior Vice President and Chief Operating and Scientific Officer, Francesco Galimi, M.D., Ph.D., as Senior Vice President and Chief Medical Officer, Lloyd Klickstein, M.D., Ph.D., as Chief Innovation Officer, Carrie Krehlik, as Senior Vice President and Chief Human Resource Officer and Joan Mannick, M.D., as Head of Infectious Diseases to oversee the clinical program conducted under the CVR. At closing, the combined board of directors is anticipated to consist of seven members, which will include five designated from Adicet, one designated from resTORbio and Chen Schor, President and Chief Executive Officer. Anil Singhal will serve as an advisor to the board of directors. The company will maintain offices in Menlo Park, CA and Boston, MA.

"On behalf of the Adicet Board, we thank Anil for his service to Adicet and welcome his contributions as an advisor to the Board of Directors," said Carl Gordon, Ph.D., member of Adicet's Board of Directors.

The transaction is expected to close in the second half of 2020, subject to approvals of each company's stockholders and other customary closing conditions. Upon completion of the merger, the combined company will operate under the name Adicet Bio and is expected to trade on the Nasdaq Global Market under a new ticker symbol to be determined.

JMP Securities LLC is acting as financial advisor to resTORbio and Goodwin Procter LLP is serving as legal counsel to resTORbio. Morrison & Foerster LLP is serving as legal counsel to Adicet Bio.

## FALSE AND MISLEADING STATEMENTS
## AND/OR MATERIAL OMISSIONS IN THE REGISTRATION STATEMENT

21.     On June 23, 2020, the Company authorized the filing of the Registration Statement with the SEC.   The Registration Statement recommends that the Company's shareholders vote in favor of the Proposed Transaction.

22.     Defendants were obligated to carefully review the Registration Statement prior to its filing with the SEC and dissemination to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions.   However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's

shareholders to make informed decisions regarding whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

**Material False and Misleading Statements or Material**
**Misrepresentations or Omissions Regarding Management's Financial Projections**

23.     The Registration Statement notes that projections were prepared by the Company's and Adicet's management concerning the Proposed Transaction, but fails to provide material information concerning such.

24.     Specifically, with respect to each set of financial projections prepared by management, the Company must disclose: (i) free cash flow; (ii) net income; (iii) EBITDA; (iv) revenue; and (v) the line-items used to calculate the above metrics.

25.     Disclosure of the above information is vital to provide investors with the complete mix of information necessary to make an informed decision when voting on the Proposed Transaction.

**Material False and Misleading Statements or Material**
**Misrepresentations or Omissions Regarding JMP's Financial Opinion**

26.     The Registration Statement contains the financial analyses and opinion of JMP Securities LLC ("JMP") concerning the Proposed Transaction, but fails to provide material information concerning such.

27.     With respect to the *Adicet Selected Company Analysis*, the Registration Statement fails to disclose: (i) JMP's basis for the selection of each company observed; and (ii) the individual metrics for each company observed in the analysis.

28.     With respect to the *Adicet Selected Initial Public Offerings Analysis*, the Registration Statement fails to disclose: (i) JMP's basis for the selection of each company observed; and (ii) the individual metrics for each company observed in the analysis.

29.     With respect to the *Adicet Precedent Transaction Analysis*, the Registration Statement fails to disclose JMP's basis for the selection of each company observed

30.     Lastly, the Registration Statement fails to disclose whether JMP has performed past services for any of the parties in the Proposed Transaction or their affiliates, as well as the timing and nature of such services and the amount of compensation JMP has received for providing such services.

31.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.  Moreover, the disclosure of projected financial information is material because it provides shareholders with a basis to project the future financial performance of a company and allows shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion.

32.     Without the above described information, the Company's shareholders are unable to cast a fully informed vote on the Proposed Transactions.  Accordingly, in order to provide shareholders with a complete mix of information, the omitted information described above should be disclosed.

## Material False and Misleading Statements or Material Misrepresentations or Omissions Regarding the Sales Process

33.     Finally, the Registration Statement omits material information concerning the sales process leading up to the Proposed Transaction.

34.     The Registration Statement fails to disclose the terms and values of the proposals received by the Board: (i) between April and December 2019; (ii) during January 2020; and (iii) from the fifteen interested companies by March 4, 2020.

35.    Further, the Registration Statement fails to completely disclose whether the Company entered into any "don't ask, don't waive" ("DADW") provisions with any other potential bidders.    This information is material to shareholders in deciding how to vote on the proposed Transaction, as it would show whether or not a superior offer for the Company was available.

**COUNT I**

**(Against All Defendants for Violations of Section 14(a)
of the Exchange Act and Rule 14a-9 Promulgated Thereunder)**

36.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37.    Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

38.    Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that communications with stockholders in a recommendation statement shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

39.    Defendants have issued the Registration Statement with the intention of soliciting

Case 1:20-cv-05170   Document 1   Filed 07/06/20   Page 11 of 15

shareholders support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections for the Company.

40.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to shareholders although they could have done so without extraordinary effort.

41.     The Defendants knew or were negligent in not knowing that the Registration Statement is materially misleading and omits material facts that are necessary to render it not misleading. The Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

42.     The Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Registration Statement, rendering the sections of the Registration Statement identified above to be materially incomplete and misleading. Indeed, the Defendants were required to be particularly attentive to the procedures followed in preparing the Registration Statement and review it carefully before it was disseminated, to corroborate that there are no material misstatements or omissions.

43.     The Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders

containing materially false or misleading statements or omitting a material fact constitutes negligence. The Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully as the Company's directors. Indeed, the Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation of the Company's financial projections.

44.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.

45.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**COUNT II**

**(Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act)**

46.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47.     The Individual Defendants acted as controlling persons of resTORbio within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of resTORbio, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially

incomplete and misleading.

48.     Each of the Individual Defendants was provided with, or had unlimited access to, copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in preparing this document.

50.     In addition, as set forth in the Registration Statement sets forth at length and described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

53.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     Directing the Individual Defendants to disseminate an Amendment to the Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C.     Directing Defendants to account to Plaintiff for all damages sustained because of the wrongs complained of herein;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 6, 2020                                        Respectfully submitted,

By: */s/ Joshua M. Lifshitz*
Joshua M. Lifshitz
Email: jml@jlclasslaw.com
**LIFSHITZ LAW FIRM, P.C.**
821 Franklin Avenue, Suite 209
Garden City, New York 11530
Telephone: (516) 493-9780

Facsimile: (516) 280-7376

*Attorneys for Plaintiff*